UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JAMES C. LAIRD, ) | |
| ) | Civil Action Number: |
| ) | |
| Plaintiff, ) | FLSA Action |
| ) | Jury Trial Demanded |
| v. ) | |
| ) | |
| RESTAURANT EQUIPMENT ) | |
| MARKET, LLC , a Georgia Corporation ) | |
| And SANDRA XING, Individual, ) | |
| ) | |
| Defendants. ) | |

## COMPLAINT

COMES NOW Plaintiff James C. Laird ("Plaintiff") by and through his undersigned counsel, and files this lawsuit against Defendants RESTAURANT EQUIPMENT MARKET, LLC (Hereinafter "REM, LLC") and Sandra Xing (Hereinafter "Xing") pursuant to § 216(b) of the Fair Labor Standards Act of 1938, and in support thereof would further state as follows:

### INTRODUCTION

1. The instant action arises from Defendant REM, LLC, and Defendant Xing (Collectively "Defendants") violations of Plaintiff's rights under the FLSA, 29 U.S.C. §§ 201, et seq., as amended and specifically the provisions of the FLSA

found at § 216(b) to remedy violations of the overtime provisions of the FLSA by Defendants which have deprived Plaintiff of his lawful overtime wages.

2. This action is brought to recover unpaid overtime compensation owed to Plaintiff, pursuant to the FLSA.

3. Plaintiff was employed by Defendants and, who during the time relevant to this action worked initially as a warehouseman and subsequently as a counter salesman at 3639PPresidential Parkway, Atlanta Georgia, 30340 (hereinafter "Defendants' Atlanta Location").

4. During the employment of Plaintiff, Defendants committed violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for <u>all</u> hours worked in excess of 40 hours in a given workweek.

5. During the employment of Plaintiff, and for at least three years prior to the filing of this Complaint, Defendants committed widespread violations of the FLSA by failing to compensate Plaintiff at the legally appropriate overtime rate for hours worked in excess of 40 hours in a given work week

6. Plaintiff seeks overtime compensation for work performed, an equal amount of liquidated damages, attorneys' fees, costs, and other appropriate relief pursuant to 29 U.S.C. § 216(b).

## JURISDICTION AND VENUE

7. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331 (federal question jurisdiction) and 29 U.S.C. § 216(b) (FLSA).

8. Venue is proper in the Northern District of Georgia under 28 U.S.C. §1391 (a) and (c) because some of the acts complained of occurred within the State of Georgia and the jurisdiction of this Court and because Defendants are subject to personal jurisdiction in this District.

## PARTIES

9. Plaintiff resides in Atlanta, DeKalb County, Georgia (within this District). Upon information and belief, Plaintiff was employed by Defendants to work as a warehouseman and subsequently as a counter salesman from on or about June, 2012 thru on or about August 14, 2014.

10. At all times material to this action, Plaintiff was an "employee" of Defendants defined by § 203(e) (1) of the FLSA, and worked for Defendants within the territory of the United States. Plaintiff is further covered by §§ 203, and 207 of the FLSA for the period in which he was employed by Defendants.

11. During the time relevant to this action, Plaintiff was an employee of Defendants and who in an various workweeks was engaged in commerce or in the production of goods for commerce

12. Defendant REM, LLC is a corporation formed under the laws of the State of Georgia and provides restaurant furniture, equipment and supplies to its customers throughout Georgia and the United States from Defendants' Atlanta Location.

13. Upon information and belief, Defendant Xing is an owner and executive officer of Defendant REM, LLC.

14. Defendants conduct business within this State and District.

15. Defendants maintained either actual or constructive control, oversight and direction of Defendants' Atlanta Location, including the employment and pay and other practices of that operation.

16. Defendant REM, LLC is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served through its registered agent, Alex Lu, at 3639 Presidential Parkway, Atlanta Georgia, 30340.

17. Defendant Xing is subject to personal jurisdiction in the State of Georgia for purposes of this lawsuit and can be served at 3639PPresidential Parkway, Atlanta Georgia, 30340.

18. At all times material to this action, Defendant REM, LLC was an enterprise engaged in commerce or in the production of goods for commerce as

defined by § 203 of the FLSA, and had an annual gross volume of sales which exceeded $500,000.

19. At all times material to this action, Defendant REM, LLC was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

20. Upon information and belief, at all times material to this action, Defendant Xing was an "employer" of Plaintiff, as defined by § 203(d) of the FLSA.

21. The minimum hourly wage provisions set forth in § 206 of the FLSA apply to Defendants.

22. The overtime provisions set forth in § 207 of the FLSA apply to Defendants.

## FACTUAL ALLEGATIONS

23. At all times relevant to this action, Plaintiff's primary duty was to serve as warehouseman and subsequently a counter clerk at Defendants' Atlanta Location.

24. At all times relevant to this action, Plaintiff's primary duty was not the management of the enterprise in which he was employed, nor of a customarily recognized department or subdivision thereof.

25. At all times relevant to this action, Plaintiff did not possess the authority to hire or fire other employees.

26. At all times relevant to this action, Plaintiff did not possess discretion or exercise independent judgment with respect to matters of significance in the daily activities he performed.

27. At all times relevant to this action, Plaintiff was a non-exempt employee for purposes of overtime compensation.

28. At all times relevant to this action, Plaintiff was at times required to work in excess of forty (40) hours a week.

29. At all times relevant to this action, Defendants did not compensate Plaintiff for <u>all</u> time worked in excess of forty (40) hours per week at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

30. The records, if any, concerning the number of hours actually worked by Plaintiff, and the compensation actually paid to Plaintiff should be in the possession of Defendants.

31. Defendants failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA under 29 U.S.C. § 207 or § 213 with respect to Plaintiff.

32. Defendants failed to meet the requirements for paying Plaintiff at a rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

33. Defendants are liable to Plaintiff for compensation for any and <u>all</u> time worked in excess of 40 hours per week at the rate at which Plaintiff was legally required to be paid under the compensation requirements of the FLSA under 29 U.S.C. §§ 203 and 207.

34. By reason of the said intentional, willful and unlawful acts of Defendants, Plaintiff has suffered damages plus incurring costs and reasonable attorneys' fees.

35. As a result of Defendants' willful violations of the FLSA, Plaintiff is entitled to liquidated damages.

36. Plaintiff has retained the undersigned counsel to represent him in this action, and pursuant 29 U.S.C. §216(b), and O.C.G.A. 13-6-11, Plaintiff is entitled to recover all reasonable attorneys' fees and costs incurred in this action.

37. Plaintiff demands a jury trial.

## COUNT I

38. Plaintiff repeats and incorporates by reference paragraphs 1-37 herein.

39. By their actions alleged herein, Defendants willfully, knowingly and/or recklessly violated the FLSA provisions and corresponding federal regulations.

40. Defendants have willfully, intentionally, and/or recklessly engaged in a widespread pattern and practice of violating the provisions of the FLSA, as detailed herein, by failing to properly pay Plaintiff's overtime compensation in an amount at a rate not less than one and one-half times the regular rate at which he was employed.

41. As a result of Defendants' violations of the FLSA, Plaintiff has suffered damages by failing to receive an overtime rate not less than one and one-half times the regular rate at which he was employed.

42. Defendants have not made a good faith effort to comply with the FLSA with respect to its overtime compensation of Plaintiff.

43. As a result of the unlawful acts of Defendants, Plaintiff has been deprived of overtime compensation equal to not less than one and one-half times the regular rate at which he was employed in amounts to be determined at trial, and is entitled to recovery of such amounts, liquidated damages, attorneys' fees, costs and other relief.

Case 1:16-cv-00004-RWS   Document 1   Filed 01/02/16   Page 9 of 9

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, pursuant to § 216(b) of the FLSA, prays for the following relief:

A. That Plaintiff be awarded damages in the amount of her unpaid compensation, plus an equal amount of liquidated damages;

B. That Plaintiff be awarded reasonable attorneys' fees;

C. That Plaintiff be awarded the costs and expenses of this action; and

D. That Plaintiff be awarded such other, further legal and equitable relief, including, but not limited to, any injunctive and/or declaratory relief to which she may be entitled.

Respectfully submitted this 2nd day of January, 2016.

MARTIN & MARTIN, LLP

By: /s/ Thomas F. Martin
Thomas F. Martin
tfmartinlaw@msn.com
Georgia Bar No. 482595
Kimberly N. Martin
kimberlymartinlaw@gmail.com
Georgia Bar No. 473410
MARTIN & MARTIN, LLP
Post Office Box 1070
Tucker, Georgia 30085-1070
(770) 344-7267 / (770) 837–2678 Fax