## **SETTLEMENT AGREEMENT**

This Settlement Agreement (the "Agreement") is made this 30th day of July, 2016, by and between James C. Laird ("Laird"), Restaurant Equipment Market, LLC ("REM") and Sandra Xing ("Xing") (Laird, REM and Xing shall be referred to collectively as the "Parties").

### **W I T N E S S E T H :**

**WHEREAS**, the Laird filed a civil action in the U.S. District Court Northern District of Georgia, Civil Action Number 1:16-cv-0004, *James C. Laird v. Restaurant Equipment Market, LLC and Sandra Xing*, (the "Civil Action") in which Laird alleges violations of the Fair Labor Standards Act of 1938 by REM and Xing and seeks to recover unpaid overtime compensation, penalties, attorney's fees, and expenses.

**WHEREAS**, the Parties have reached a settlement to resolve Laird's claims.

**WHEREAS**, the Parties acknowledge that Laird's claims are disputed.

**WHEREAS**, the Parties acknowledge that no party to this Agreement shall be considered a prevailing party for any purpose.

**WHEREAS**, in exchange for the consideration described below, the Parties have agreed to seek approval of the Court and Dismissal With Prejudice of the Civil Action.

**NOW THEREFORE**, for and in consideration of the good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties hereby agree and stipulate as follows:

1. In consideration for signing this Agreement and the fulfillment of the promises herein, REM agrees to pay the total sum of $16,114 (the "Settlement Amount"). The Settlement Amount is inclusive of all claims for wages, penalties, attorneys' fees and expenses. The payment will be made, within ten (10) business days after REM receives the original executed Agreement by Laird, the Court dismisses the lawsuit, and receipt of a W-9 executed by Martin & Martin, LLP, as follows:

    (a) Payment to Laird for Claims for Lost Wages. REM agrees to pay Laird, as payment for claims for lost wages, the sum of ONE THOUSAND TWO HUNDRED ONE DOLLARS AND ZERO CENTS ($1,201.00) less all applicable withholding taxes and payroll deductions. Laird will be issued a W-2 for this amount.
    (b) Payment to Laird for Claims of Liquidated Damages. REM agrees to pay Laird, as payment for liquidated damages, the sum of ONE THOUSAND TWO HUNDRED ONE DOLLARS AND ZERO CENTS ($1,201.00). Laird will be issued a 1099 for this amount.
    (c) Payment to Laird made payable to Laird's Attorney. REM agrees to pay Laird the sum of THIRTEEN THOUSAND SEVEN HUNDRED TWELVE DOLLARS AND ZERO CENTS ($13,712.00) for attorney's fees and expenses in a check made payable to Laird's attorneys, Martin & Martin, LLP. Martin & Martin, LLP will be issued a 1099 for this amount.



EXHIBIT A

2.     Laird acknowledges that the payment of the monies by REM identified herein constitutes full and complete payment of any unpaid wages and related damages allegedly owed to him at the time of execution of this Agreement and that he sought in the Civil Action, and agrees not to pursue any additional claim against REM or Xing based on alleged overtime or unpaid wages. Laird agrees that upon receipt of the settlement funds described in Paragraph 1 above, his claims raised in the Civil Action will be moot.

3.     The Parties affirm that there was no undue influence, overreaching, collusion, or intimidation in reaching this Agreement.

4.     The Parties request that the Court review and approve this Agreement and that the Court, accordingly, dismiss, with prejudice, the Civil Action upon the effective date of this Agreement. It is also agreed that in the event the Court does not approve this Agreement and the Civil Action is not dismissed with prejudice, this compromise shall be null and void, ab initio.

5.     Laird is and shall be solely responsible for all federal, state and local taxes that may be owed by Laird by virtue of the receipt of any portion of the monetary payment provided under this Agreement. Laird agrees to indemnify and hold REM harmless from any and all liability, including, without limitation, all penalties, interest and other costs that may be imposed by the Internal Revenue Service or other governmental agencies regarding any tax obligations that may arise from the monetary consideration made to Laird under this Agreement unless such liability is caused by an action or inaction of REM.

6.     The Parties represent and warrant they have not assigned, transferred, or purported to assign or transfer, to any person, firm, corporation, association or entity whatsoever, any released claim. The Parties each agree to indemnify and hold the others harmless against, without any limitation, any and all rights, claims, warranties, demands, debts, obligations, liabilities, costs, court costs, expenses (including attorneys' fees), causes of action or judgments based on or arising out of any such assignment or transfer. The Parties further warrant that there is nothing that would prohibit each Party from entering into this Agreement.

7.     Laird represents that he is not currently involved in any bankruptcy action and there are no bankruptcy actions in which any trustee in bankruptcy or any other party has any interest in the claims asserted in the Civil Action.

8.     The Parties acknowledge and declare that this Agreement contains the entire agreement with respect to the matters referenced herein, and that this Agreement supersedes and replaces any previous oral or written agreements. This Agreement is executed without reliance on any promise, warranty or representation, whether written or oral, by any party or by any representative of any party other than those expressly contained herein.

9.     This Agreement shall be binding upon the Parties, their successors, assigns, personal representatives, and heirs, whether or not named herein.

10.     No modification or amendment to this Agreement shall have any force or effect except where agreed to in writing and signed by the Parties.

11. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

12. The Parties acknowledge and declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted. The Parties also acknowledge and declare that they have been advised of the meaning and consequences of this Agreement, have consulted with their attorneys regarding the same, and sign this Agreement of their own free will.

13. This Agreement may be executed in two or more counterparts, each of which shall be deemed original, but all of which together constitute one and the same instrument. Copies of this Agreement, whether in electronic format or hardcopy, shall carry the same weight as an original and shall be admissible in any court of law to the same extent as an original of this Agreement.

JAMES C. LAIRD, Plaintiff

RESTAURANT EQUIPMENT MARKET, LLC, Defendant

Name: _____
Title: _____

Attorney for Plaintiff:

SANDRA XING, Defendant

Thomas F. Martin
Georgia Bar No. 482595

Attorney for Defendants:

Keith J. Whitaker
Georgia Bar No. 435128

11. This Agreement shall be governed by and construed in accordance with the laws of the State of Georgia.

12. The Parties acknowledge and declare that the terms of this Agreement have been completely read, are fully understood, and are voluntarily accepted. The Parties also acknowledge and declare that they have been advised of the meaning and consequences of this Agreement, have consulted with their attorneys regarding the same, and sign this Agreement of their own free will.

13. This Agreement may be executed in two or more counterparts, each of which shall be deemed original, but all of which together constitute one and the same instrument. Copies of this Agreement, whether in electronic format or hardcopy, shall carry the same weight as an original and shall be admissible in any court of law to the same extent as an original of this Agreement.

JAMES C. LAIRD, Plaintiff

_____

RESTAURANT EQUIPMENT MARKET, LLC, Defendant

Name: *Sandra Xing*
Title: *CEO*

Attorney for Plaintiff:

_____
Thomas F. Martin
Georgia Bar No. 482595

SANDRA XING, Defendant

*/s/ Sandra Xing/*

Attorney for Defendants:

*/s/ Keith J. Whitaker/*
Keith J. Whitaker
Georgia Bar No. 435128